JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL BEDFORD<br><br>Plaintiff,<br><br>-against-<br><br>CALIFORNIA BUSINESS BUREAU, INC., FRANKLIN J. LOVE<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq*. and **DEMAND FOR JURY TRIAL** |

Plaintiff Michael Bedford ("Plaintiff") by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, as and for his Complaint against Defendants California Business Bureau, Inc. ("CBB") , and Franklin J. Love ("Mr. Love") (collectively "Defendants") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA"), and Cal. Civ. Code § 1788 *et seq.*, commonly known as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA").

## PARTIES

4. Plaintiff is a resident of the State of California, residing in the County of Riverside.

5. Defendants are "debt collectors" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

6. CBB's business address is 1711 S. Mountain Ave, Monrovia, California, 91017.

7. Mr Love is an attorney, with a business address at 800 S. Barranca Ave, Ste. 100, Covina, California, 91723.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, on a date better known to Defendant, Defendants began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

10. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *CBB's Improper Credit Reporting*

11. The reporting of a debt to a credit bureau is a "communication" as the term is defined by 15 U.S.C. § 1692a(2).

12. CBB reported the Alleged Debt on Plaintiff's credit report.

13. Plaintiff disputed the debt directly with CBB by letter on June 3, 2015.

14. Plaintiff examined his credit report on July 20, 2015, and saw that CBB had neither removed the Alleged Debt from his credit report, nor had it

marked as "disputed by consumer" despite being required to do so by the FDCPA.

### *Both Defendants' Improperly Filed Lawsuit*

15. On or around October 20, 2015, Mr. Love, acting as the attorney for CBB, commenced a lawsuit (the "Debt Collection Lawsuit") in the Superior Court of California, venued in Orange County. The Complaint in the Debt Collection Lawsuit alleges that Plaintiff owes the Alleged Debt to CBB as the assignee of the original creditor, and seeks judgment against Plaintiff for, *inter alia*, the amount of the Alleged Debt.

16. Pursuant to the California Code of Civil Procedure § 395(b), actions to collect consumer debts, such as the Alleged Debt, must be brought in the county where the debtor signed the contract creating the debt, resided at the time that the contract was entered into, or resides at the time that the action is commenced.

17. At all relevant times, Plaintiff has resided in Riverside County, and the contract allegedly creating the Alleged Debt was signed in Riverside County.

18. The Complaint, which was signed by Mr. Love, alleges that Plaintiff resides in Orange County. That allegation is false.

19. Michael Cheek, vice president of CBB and acting in that capacity, signed a Verification declaring under penalty of perjury that the contents of

the Complaint, implicitly including the false allegation as to Plaintiff's county of residence, are true.

20. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d. 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

23. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### (Violations of the RFDCPA)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

25. The RFDCPA requires debt collectors to comply with the FDCPA, and a violation of the FDCPA is also a violation of the RFDCPA. Cal. Civ. Code § 1788.17.

26. The remedies under the FDCPA and RFDCPA are cumulative, and Plaintiff is entitled to damages under both acts.

27. Upon information and belief, Defendants willfully and knowingly committed the violations of the FDCPA and RFDCPA described herein, and is entitled to statutory damages pursuant to Cal. Civ. Code § 1788.30(b).

## **DEMAND FOR TRIAL BY JURY**

28. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

    b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

    c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

    d) A declaration that the Defendant's practices violated the FDCPA and the RFDCPA; and

    e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: November 24, 2015

                                                  THE LAW OFFICES OF
                                                 JONATHAN A. STIEGLITZ

                                    By:     /s/ Jonathan A Stieglitz
                                                  Jonathan A Stieglitz